# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**WANDA M. FREEZE,**

       **Plaintiff,**              **CIVIL ACTION NO. 18-cv-12960**

       v.                         **DISTRICT JUDGE SEAN F. COX**

**COMMISSIONER OF**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Wanda M. Freeze seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 13). Plaintiff has also filed a reply brief in support of her Motion for Summary Judgment. (Docket no. 14.) The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.**      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **GRANTED IN PART** and **DENIED IN PART** and Defendant's Motion for Summary Judgment (docket no. 13) be **DENIED**. It is further recommended that this

matter be remanded for a proper assessment of Dr. Freese-Beal's opinion in accordance with the treating physician rule.

## II. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on September 8, 2015, alleging that she has been disabled since March 26, 2015, due to migraine headaches and plantar fasciitis. (TR 12, 144-47, 175.) The Social Security Administration denied Plaintiff's claims on February 2, 2016, and Plaintiff requested a *de novo* hearing before an Administrative Law Judge (ALJ). (TR 59-71, 80-81.) On August 16, 2017, Plaintiff appeared with a representative and testified at a hearing before ALJ Amy L. Rosenberg, at which she amended her alleged onset date to July 1, 2015. (TR 28-58.) The ALJ subsequently issued an unfavorable decision on November 20, 2017, and the Appeals Council declined to review the ALJ's decision. (TR 3-8, 12-23.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 11 at 5-9) and the ALJ (TR 15-16, 18-23) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Defendant incorporates the ALJ's recitation of the facts into her brief. (Docket no. 13 at 5.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between Plaintiff's and the ALJ's recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of July 1, 2015, and that Plaintiff suffered from the severe impairments of migraine headaches, bilateral plantar fasciitis, and obesity. (TR 14.) The ALJ also found that Plaintiff's obstructive sleep apnea, closed fracture of her right thumb, carpal tunnel syndrome, osteoarthritis, history of paroxysmal tachycardia, and depression were non-severe impairments. (TR 14-17.) Additionally, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 17.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she must have a sit/stand option, allowing her to change position at will and work either sitting or standing, with the ability to change position once or twice per hour. She can frequently balance, kneel, and crawl, and can occasionally climb, stoop, and crouch. She can frequently reach, handle, finger, and feel. She can frequently push, pull, and operate foot controls. She can occasionally work at unprotected heights and operate moving machinery. She can tolerate occasional exposure to extreme cold, extreme heat, vibration, and pulmonary irritants such as dusts, odors, fumes, gases and smoke. She should not work outdoors. She should work in a moderate noise environment at most. She can understand, remember, and carry out simple, routine tasks[.]

(TR 17-21.) Subsequently, in reliance on a vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 22-23.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from July 1, 2015, through the date of the decision. (TR 12, 23.)

## V.    LAW AND ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the

conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner]

(a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this case should be reversed for an award of benefits or remanded for an additional administrative hearing pursuant to sentence four because (1) the ALJ failed to comply with the Regulations in evaluating Plaintiff's treating physician's opinion; (2) the ALJ failed to evaluate Plaintiff's obesity in accordance with Social Security Ruling (SSR) 02-1p; (3) the ALJ failed to find that Plaintiff met Listing 1.02 at step three of the sequential evaluation process; and (4) the ALJ's credibility determination is not supported by substantial evidence.  (Docket no. 11 at 2, 9-10, 15-26.)

### 1. The ALJ's Step-Three Determination

Plaintiff argues that the ALJ erred in failing to find that her bilateral plantar fasciitis meets or medically equals the criteria of Listing 1.02.  (Docket no. 11 at 18-21.)  At the third step of the sequential evaluation process, a claimant will be deemed presumptively disabled and eligible for benefits if his or her impairment meets or medically equals one of the listings in the Listing of Impairments.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  A claimant must satisfy all of the criteria to meet a listing, or have impairments that are medically equivalent to or equal in

6

severity and duration to the criteria of a listed impairment. *Id.*; *Rabbers v. Comm'r,* 582 F.3d 647, 653 (6th Cir. 2009). "Moreover, all of the criteria must be met concurrently for a period of twelve continuous months." *McKeel v. Comm'r of Soc. Sec.*, No. 14-cv-12815, 2015 WL 3932546, at *8 (E.D. Mich. June 26, 2015) (citing 20 C.F.R. § 404.1525(c)(3), (4); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D ("[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation")). It is the claimant's burden to demonstrate that she meets or equals a listed impairment at the third step of the sequential evaluation process. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). ("A claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder.").

An ALJ is not required to "address every listing" or "discuss listings that the applicant clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). But the ALJ should discuss the relevant listing where the record raises "a substantial question as to whether [the claimant] could qualify as disabled" under that listing. *Id*. (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). To raise a "substantial question" as to whether he has satisfied a listing, "the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432-33 (6th Cir. 2014). "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id*. at 433.

Listing 1.02, Major dysfunction of a joint, is

> [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> > A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee,

> or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.02. Listing 1.00 defines the term "ambulate effectively:"

> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
>
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.*, Section 1.00B2b.

Here, in determining that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of Listing 1.02A or any of the other listings, the ALJ explained:

> In order to meet or medically equal the criteria of Listing 1.02A, the claimant must have an "inability to ambulate effectively." This means an extreme limitation of the ability to walk, seriously interfering with the individual's ability to initiate, sustain, or complete activities. The medical evidence of record demonstrates that this claimant is able to ambulate effectively. In July 2015, the claimant had normal posture, stride, arm-swing, and was able to walk on her heels and toes (3F/2). In

8

> August 2017, the claimant['s] primary treatment provider, Laura Reule, PA-C, as cosigned by Kimberly Freese-Beal, MD, provided a statement regarding the claimant's abilities; these sources reported that the claimant could ambulate without the use of a wheelchair, walker, or two canes or crutches (13F). Accordingly, the claimant's impairments do not meet or equal in severity the criteria of Listing[] 1.02A.

(TR 17.)

Plaintiff argues that the ALJ's reliance on her treatment providers' statement that Plaintiff could ambulate without the use of a wheelchair, walker, or two canes or crutches is erroneous because in the same report, those providers also opined that Plaintiff could no longer stand or walk due to the pain from her plantar fasciitis. (Docket no. 11 at 18 (citing TR 559).) Plaintiff also argues that the ALJ erred by failing to consider Plaintiff's ability to ambulate under subsection two of Listing 1.00B2b. (*Id*. at 18-19.)

Defendant argues that the ALJ properly relied on Plaintiff's treatment providers' opinion that Plaintiff could ambulate without assistive devices; she also argues the ALJ's step-three determination is supported additional substantial evidence, some of which was cited by the ALJ in support of her step-three determination and elsewhere in the decision. (Docket no. 13 at 15-16.) Defendant also points out that Plaintiff limits her argument to challenging the ALJ's finding that Plaintiff could ambulate effectively. Thus, Defendant argues, even if Plaintiff could establish that her impairment meets or medically equals that element of Listing 1.02A, she has failed to show that the other criteria of Listing 1.02A are met. (*Id*. at 16.)

Indeed, even if the ALJ erred by relying on Plaintiff's treating providers' opinion regarding Plaintiff's ability to ambulate without assistive devices or by failing to address every example of ineffective ambulation in Listing 1.00B2b(2), Plaintiff has not shown that her impairments or a combination thereof meet or medically equal the criteria of Listing 1.02A. Plaintiff repeatedly argues, without any citation to the record, that she has plantar fasciitis and that the treatment

9

rendered by her medical providers was ineffective in relieving her foot pain or her ability to ambulate effectively. (Docket no. 11 at 20; docket no. 14 at 5.) But "the mere diagnosis of [an impairment], of course, says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Moreover, Plaintiff does not provide any analysis or "point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of [Listing 1.02A]." *See Smith-Johnson, supra*. Thus, Plaintiff has failed to meet her burden of demonstrating that her impairments meet or medically equal Listing 1.02A, nor does she raise a substantial question in this regard. Accordingly, any deficiency in the ALJ's evaluation of Plaintiff's impairments under Listing 1.02A at step three of the sequential evaluation process does not constitute reversible error, and Plaintiff's Motion should be denied with regard to this issue.

### 2. *The ALJ's Assessment of Plaintiff's Treating Physician's Opinion*

Plaintiff argues that the ALJ failed to comply with 20 C.F.R. § 404.1527 by not according adequate weight to the opinion of her long-time treating physician, Kimberly Freese-Beal, M.D., and by not considering the regulatory factors in her evaluation thereof. (Docket no. 11 at 15-18.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

10

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter

11

opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

The ALJ summarized and assessed Dr. Freese-Beal's opinion as follows:

Treating provider Kimberly Freese-Beal, MD, opined that the claimant could occasionally lift up to 50 pounds, and frequently up to 20 pounds (with similar restrictions for carrying), could sit for one hour without interruption and stand or walk for 30 minutes without interruption, but could only sit for a total of two hours in one day, stand for one hour total in one day, and walk for a total of one hour in one day (thus limiting her to working only four hours in one day). Dr. Freese-Beal also opined that claimant had postural, manipulative, and environmental restrictions. (13F). The degree of limitation that Dr. Freese-Beal suggests is not fully supported by the medical evidence of record; as such, I give this opinion partial weight. Most specifically, I do not find that the claimant can only work a total of four hours in one day.

(TR 21.)

The ALJ's explanation for discounting Plaintiff's treating physician's opinion in the instant matter is substantially similar to that in *Gayheart v. Comm'r of Soc. Sec.*, for which that case was remanded. 710 F.3d 365 (6th Cir. 2013). In *Gayheart*, the ALJ discounted the treating physician's opinions on the grounds that they were "not well-supported by any objective findings" and were "inconsistent with other credible evidence." 710 F.3d at 376. The Sixth Circuit found that those were not good reasons because the ALJ's first line of reasoning was ambiguous and because the ALJ did not support his second line of reasoning by identifying the evidence that was purportedly inconsistent with the treating physician's opinions. *Id*. at 376-77.

As the Sixth Circuit reiterated in making the above determination, an ALJ's "good reasons" for discounting a treating source's opinion "must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, 710 F.3d at 376 (citation omitted). "This requirement is not simply a formality; it is to

safeguard the claimant's procedural rights. It is intended to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that he is not. Significantly, the requirement safeguards a reviewing court's time, as it permits meaningful and efficient review of the ALJ's application of the treating physician rule." *Cole,* 661 F.3d at 937-38 (citations and quotation marks omitted).

Like the ALJ in *Gayheart*, the ALJ in the instant matter provides no explanation or evidence to support her conclusion that Dr. Freese-Beal's opinion is entitled to only partial weight because it is not fully supported by the medical evidence of record. Notably, the ALJ does not identify any of the medical evidence that led her to this determination or otherwise discuss how Dr. Freese-Beal's opinion is not fully supported by the evidence. This is not a case where a reading of the ALJ's explanation in conjunction with her discussion of the medical evidence cures this deficiency, as the ALJ's discussion of the medical evidence contains points that favor the positions of both Plaintiff and Defendant. Nor can the ALJ's deficient explanation be cured by Defendant's post-hoc rationalization. *See Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is the ALJ's rationale that is under review, not defense counsel's."). Rather, the ALJ's perfunctory one-line statement leaves Plaintiff guessing and makes judicial review nearly impossible, as it would require the court to cull through the ALJ's decision and the 600-page medical record to find and ultimately speculate regarding the evidence upon which the ALJ purportedly relies. Neither a claimant nor the court should have to parse through an ALJ's decision to pick out evidence that might support the ALJ's reasons for discounting a treating physician's opinion. The ALJ has failed to provide good reasons for discounting Dr. Freese-Beal's opinion, and her failure to do so is not harmless error. Accordingly,

remand of this matter for a proper assessment of Dr. Freese-Beal's opinion is warranted, and Plaintiff's Motion should be granted with respect to this issue.[1]

Because the undersigned recommends that the case be remanded because of the ALJ's failure to properly evaluate Dr. Freese-Beal's opinion, judicial economy favors deferring analysis of Plaintiff's challenges to the ALJ's evaluation of Plaintiff's obesity and credibility.

## VI.     CONCLUSION

For the reasons stated herein, the court should **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Summary Judgment (docket no. 11), **DENY** Defendant's Motion for Summary Judgment (docket no. 13), and remand this matter for a proper assessment of Dr. Freese-Beal's opinion in accordance with the treating physician rule.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and

---

[1] In addition to seeking remand for further consideration, Plaintiff alternatively seeks reversal for an award of benefits. (Docket no. 11 at 2, 26.) It is appropriate to remand for an award of benefits only when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994). This entitlement is established if "the decision is clearly erroneous, proof of di[s]ability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). This is not one of those cases. Rather, the recommended basis for remand is a procedural articulation error committed by the ALJ. Therefore, the appropriate procedure upon remand is for the Commissioner to conduct further proceedings.

Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 2, 2019        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 2, 2019        s/ Leanne Hosking
                             Case Manager