UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wanda M. Freeze,

     Plaintiff,

v.                             Case No.  18-12960

Commissioner of Social Security,     Sean F. Cox
                                       United States District Court Judge

     Defendant.

_____/

**ORDER ADOPTING
8/2/2019 REPORT AND RECOMMENDATION**

Plaintiff filed this action seeking judicial review of Defendant Commissioner of Social Security's unfavorable decision denying her claim for social security benefits.  The matter was referred to Magistrate Judge Mona K. Majzoub for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and a Report and Recommendation pursuant to § 636(b)(1)(B) and (C). Thereafter, the parties filed cross motions for summary judgment.

On August 2, 2019, Judge Majzoub issued a Report and Recommendation ("R&R") (ECF No. 15) wherein she recommends that the Court (1) grant Plaintiff's motion in part and deny it in part; (2) deny Defendant's motion; and (3) remand the case to the Commissioner under "sentence four" of 42 U.S.C. § 405(g).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

1

judge's disposition to which specific written objection has been made." *Id.*

On August 16, 2019, Defendant filed timely objections to the R&R. (ECF No. 16).

Defendant only objects to Judge Majzoub's conclusion that the administrative law judge ("ALJ") violated the treating physician rule by failing to explain or support her conclusion that Dr. Freese-Beal's opinion was entitled to only partial weight because it was not fully supported by the medical evidence of record. Defendant argues that, although the ALJ "did not marshal evidence to support that finding *in the paragraph in which it appears,*" she did "marshal evidence *elsewhere in her decision* that adequately supports that finding." (ECF No. 16, PageID 702) (emphasis in original).

Generally, "an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination . . ." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1502; § 404.1527(c)(1). "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.' " *Id.* at 376, quoting § 404.1527(c)(2).

The Commissioner must provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.*, citing § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.*, quoting Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This requirement permits meaningful review of the ALJ's application of these

procedural rules by ensuring that it will be sufficiently clear to subsequent reviewers the weight given to the treating source's medical opinion and the reasons for that weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

In this case, the ALJ addressed Dr. Freese-Beal's opinion as follows:

> Treating provider Kimberly Freese-Beal, MD, opined that the claimant could occasionally lift up to 50 pounds, and frequently up to 20 pounds (with similar restrictions for carrying), could sit for one hour without interruption and stand or walk for 30 minutes without interruption, but could only sit for a total of two hours in one day, stand for one hour total in one day, and walk for a total of one hour in one day (thus limiting her to working only four hours in one day). Dr. Freese-Beal also opined that claimant had postural, manipulative, and environmental restrictions. The degree of limitation that Dr. Freese-Beal suggests is not fully supported by the medical evidence of record;  as such I give this opinion partial weight. Most specifically, I do not find that the claimant can only work a total of four hours in one day.

(ECF No. 9-2, PageID 47).

Judge Majzoub determined that the ALJ had "provide[d] no explanation or evidence to support her conclusion that Dr. Freese-Beal's opinion is entitled to only partial weight because it is not fully supported by the medical evidence of record." (Ecf No. 15, PageID 699).  Judge Majzoub concluded that "the ALJ's perfunctory one-line statement leaves Plaintiff guessing and makes judicial review nearly impossible, as it would require the court to cull through the ALJ's decision and the 600-page medical record to find and ultimately speculate regarding the evidence upon which the ALJ purportedly relies." (ECF No. 15, PageID 700). Accordingly, Judge Majzoub recommended at this matter be remanded to the Commissioner for a proper assessment of Dr. Freese-Beal's opinion.

In its objection, Defendant argues that the Court must look at the ALJ's opinion as a whole (ECF No. 16, PageID 704- 705) and points to evidence in the record that it contends supports the

ALJ's conclusion regarding Dr. Freese-Beal's opinion.

However, the Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion. *See Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328 at *6 (E.D. Mich. 2012). Based on its review, the Court agrees with Judge Majzoub that the ALJ has failed to provide good reasons for discounting Dr. Freese-Beal's opinion and that her failure to do so is not harmless error.

Accordingly, the Court overrules Defendant's objection and hereby **ADOPTS** the August 2, 2019 R&R.

The Court **ORDERS** that Plaintiff's Motion for Summary Judgement is **GRANTED IN PART AND DENIED IN PART**, and Defendant's Motion for Summary Judgment is **DENIED.**

The Court **FURTHER ORDERS** that this case is **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 19, 2019